RONALD LEE GILMAN, Circuit Judge,
concurring.
I agree with the lead opinion that the Plan Administrator’s decision to deny Farhner’s benefits request was not arbitrary or capricious. Despite my concurrence in the ultimate result reached, however, I disagree with portions of the lead opinion’s analysis.
Under the arbitrary-and-capricious standard of review employed in this case, a Plan Administrator’s decision must be upheld if it results from “a deliberate principled reasoning process and is supported by substantial evidence.” Schwalm v. Guardian Life Ins. Co. of Am., 626 F.3d 299, 308 (6th Cir.2010) (internal quotation marks omitted). So long as there is a “reasoned explanation, based on the evidence, for a particular outcome, that outcome is not arbitrary and capricious.” Id. (internal quotation marks omitted).
In this case, the Plan Administrator initially conducted a relatively cursory review to determine whether Farhner was discharged for insubordination. The Plan Administrator simply looked at Farhner’s claim report and KCS’s letter of discipline, concluding that because KCS’s stated reason for discharge was insubordination, Farhner was not entitled to benefits. Farhner appealed this initial decision to the Plan Administrator’s Review Committee. The Review Committee then conducted an in-depth review of Farhner’s discharge. After reviewing the transcript of KCS’s formal investigation that led to Farhner’s discharge, the Committee concluded that “there has been no evidence presented to negate the fact that [Farhner] was, on several occasions, placed on notice to provide specific information with regard to the reason for a medical leave of absence. [Farhner] failed to comply with the FMLA and ... the written instructions of [KCS].” The Plan Administrator, based on this *347 more detailed review, upheld the original denial of benefits.
Instead of blindly relying on KCS’s stated reasons for Farhner’s discharge, the Plan Administrator ultimately reviewed the evidence and determined that Farhner was in fact insubordinate. Farhner’s main contention on appeal is that this decision is inconsistent with the technical requirements of the FMLA. Although the administrative record does show some contradictory evidence regarding whether both Farhner and KCS complied with the FMLA, the evidence is not so one-sided that the Plan Administrator’s decision to deny Farhner benefits can be considered arbitrary and capricious. See Schivalm, 626 F.3d at 312 (concluding that although the administrative record includes contradictory evidence, “the evidence suggesting that Schwalm suffered from a continuing disability is not so one-sided that the decision to deny benefits can be considered arbitrary or capricious”).
My purpose in pointing out that the Plan Administrator ultimately conducted an independent review of Farhner’s discharge is to highlight that this is not a case where the Plan Administrator blindly relied on the employer’s stated reasons for its actions. Because the Plan Administrator in fact engaged in an independent review, the lead opinion did not need to reach the issue of whether the Plan Administrator was required to look beyond the language of the Plan and KCS’s stated reasons for the discharge. The lead opinion’s conclusion that the Plan Administrator had no obligation to conduct an independent review is therefore not necessary to its holding, and is thus dicta. See United States v. Swanson, 341 F.3d 524, 530 (6th Cir.2003) (“[T]his holding might be considered dicta in that it was not necessary to the determination of the issue on appeal.”). Moreover, the very fact that the Plan Administrator made an independent inquiry into the justification for Farhner’s termination is evidence that it likely recognized its duty to do so under the Plan.
In sum, I concur in the judgment reached, but I respectfully disagree with portions of the lead opinion’s analysis.